KENNEDY VS SPENCER.

*Points as to* scire facias *against bail.*

1. In a proceeding by *scire facias* against bail, it is not necessary to show the issuance of a *ca. sa.* to a County to which a defendant may have removed *after* arrest.
2. Under the statute of this State, it is only essential, in order to sustain *scire facias* against bail, that a *ca. sa.* should be returned *non est inventus,* when sued out to the County in which the defendant is arrested.
3. *Scire facias* against bail should disclose the cause of action, with the certainty requisite in a declaration.
4. So, a *scire facias,* not setting out the bail bond, with sufficient certainty, held defective.

In error to the Circuit Court of Mobile County.

This was a proceeding by *scire facias* against bail. The *scire facias* was in the following terms—

" The State of Alabama, Mobile County. To the sheriff of Mobile County—greeting:

" Whereas, heretofore, to wit, on the thirtieth day of May, in the year eighteen hundred and twenty-nine, a writ of *capias ad respondendum,* issued from the Circuit Court of Mobile County, in favor of Samuel M. Spencer, returnable to the Fall term, eighteen hundred and twenty-nine, of the said Circuit Court of Mobile County, against Carter C. Hooper and Obadiah Hooper, in a plea of trespass on the case—upon which said writ was an indorsement, requiring the said sheriff to hold the said defendants to bail, in the sum of two hundred and three dollars and thirty-one cents, according to the statute in such

case made and provided; which said writ was, on the thirtieth day of May, A. D. eighteen hundred and twenty-nine, delivered to Theophilus L. Toulmin, then sheriff of said County, to be executed and returned: and whereas the said Sheriff did, on the thirtieth day of May, A. D. eighteen hundred and twenty-nine, by virtue of the said writ, arrest the bodies of the said Carter C. Hooper and Obadiah Hooper, who, together with Joshua Kennedy, gave to the said sheriff a certain bond or obligation, commonly called a bail bond, in the penal sum of four hundred and six dollars sixty-two cents, conditioned that the said Carter C. Hooper and Obadiah Hooper appeared at the Circuit Court of Mobile County, next thereafter to be holden, and then and there answer to Samuel M. Spencer, in a plea of trespass on the case, and perform and abide by such order and judgment as might be rendered in the premises; and then and there delivered the said bond to the said sheriff;—who, thereupon discharged the bodies of the said Carter C. Hooper and Obadiah Hooper upon such bail. Which said writ, together with the said bail bond, the said sheriff afterwards returned to the clerk of said Court, at the return term thereof, with an assignment on the back of said bond, to the said plaintiff, signed by said sheriff, in pursuance of the statute in such case made and provided: And whereas, afterwards, to wit, at the term of the Circuit Court, held in and for the County of Mobile, on the second day of December, eighteen hundred and thirty, by the consideration of the said Court, the said Samuel M. Spencer recovered against the said Carter C. Hooper and Obadiah Hooper, the sum of

one hundred and sixty-one dollars and seventy-five cents, damages, and fifteen dollars and sixty-six cents, costs and charges by him, about his suit expended: whereof the said Carter C. Hooper and Obadiah Hooper are convicted as appears to us of record: and although judgment be thereof rendered, and our writ of execution thereupon issued, commonly called a writ of *capias ad satisfaciendum*, on the twelfth day of January, eighteen hundred and thirty one, directed to the sheriff of Mobile county, which was duly delivered to Theophilus L. Toulmin, then sheriff of Mobile county, to be executed according to law—yet the said Carter C. Hooper and Obadiah Hooper have not abode the judgment aforesaid, but ever since the giving of the same have avoided, so that they could not be found; and the aforesaid sheriff hath returned upon the aforesaid writ, into our said Court, on the fourth Monday after the fourth Monday in March, eighteen hundred and thirty-one, where the said writ was made returnable, that the defendants in said writ are not found in his said county to satisfy; and so returned said writ in no part satisfied: and the said Samuel M. Spencer says, the said judgment is still altogether unsatisfied, and remains in force—whereby the said bond and the condition thereof have become forfeited—all of which said proceedings now remaining of record in this honorable Court—reference being thereto had will more fully and at large appear :—whereof the said Samuel M. Spencer has besought a remedy in this behalf.—Now, to the end that justice be done, you are hereby commanded to make known unto Joshua Kennedy, who was bail and security for the said C.

C. Hooper and Obadiah Hooper upon the original process, whereupon the judgment aforesaid was given, not only for their appearance to answer to the plaintiff upon the process aforesaid, but that they should abide by, and perform the judgment and order of said Court, that should be given thereon,— that he be and appear before the honorable the Judge of the Circuit Court of Mobile county, at the Court to be holden in and for said county of Mobile, on the fourth Monday after the fourth Monday in October, eighteen hundred and thirty-one, to shew cause, if any he can, wherefore the said Samuel M. Spencer should not have judgment against him the said Joshua Kennedy for his damages and costs aforesaid, and further to do and perform what our said Court shall consider of him in the premises—and have you then and there this writ, with your doings thereon."

To the *scire facias*, the defendant filed a demurrer, which being overruled, he relied upon the pleas—

First—*Nul tiel record.*

Secondly—That the defendants in the original action, on which defendant to the *scire facias* became bail, at the time of the commencement of said action, down to the time of filing the plea,—were resident citizens of the county of Pickens, and that no writ of *capias ad satisfaciendum*, had ever been issued against said defendants to the county of Pickens, &c.

There were issue to the first plea, and demurrer to the second; which demurrer was sustained, and judgment given for plaintiff on the first plea.

*Stewart & Thornton* for plaintiff in error—*Gayle & Vandegraaffe,* contra.

COLLIER, J.—The defendant in error sued out a *scire facias* against the plaintiff, as the bail of Carter C. Hooper and Obadiah Hooper, in the Circuit Court of Mobile county, against whom the defendant had theretofore prosecuted an action to judgment, and had a *ca. sa.* issued, which was returned, " not found."

Many points have been made for the plaintiff in error,— we shall, however notice but two, considering them as decisive of the case.

In the first place, it is insisted, that the *ca. sa,* upon the judgment against the Hoopers, should have issued to the county of Pickens, in which they resided, and that the Circuit Court erred in sustaining a demurrer to the plea of the plaintiff, which alleged their residence in, and the non-issuance of a *ca sa.* to that county.

At the common law, it was necessary, in order to charge the bail, that a *capias ad satisfaciendum* should be sued out, and directed to the sheriff of the county in which the defendant was arrested, and be returned *non est inventus.*"*

*Dunlap's Prac. 1078

Our statute directs, that the plaintiff shall not proceed against the bail, " until execution hath been returned, that the defendant is not to be found in his proper county."†

†Aik. Dig. 52.

Stress has been laid in argument, upon the word " proper," as changing the practice in this particular; and it is argued, that by the " proper county," we are to understand the county of the defendant's residence. We think otherwise, and understand it to refer to the law as it existed at the passage of the act; and to be declaratory of it. The proper coun-

ty for the purposes of the action must be taken to be, the County in which the defendant is found, when suit is brought; so that if there are several defend-ants against whom a suit is prosecuted to judgment, arrested in as many different counties, a *ca. sa.* could not properly issue against all, to the county where the judgment was rendered, but one should issue to each county in which a defendant was arrested.— Nor can a change of residence, pending the action, make it necessary to follow a defendant, with process, to any county in which he may have settled himself.

It is further objected, that the bail bond is not so set forth or described in the *scire facias*, as to have authorised a judgment against the plaintiff; and that the defect is not cured by a declaration.

The only recital in the *sci. fa.* is as follows,— "You are hereby commanded to make known unto Joshua Kennedy, who was bail and security for the said C. C. Hooper and Obadiah Hooper, upon the original process, whereupon the judgment aforesaid was given, not only for their appearance to answer to the plaintiff upon the process aforesaid, but that they should abide by, and perform the judgment and order of said Court, that should be given thereon— that he be and appear before, &c. to shew cause, &c."

In the case of *Toulmin vs Bennett & Laidlaw,*[*] this Court decided, that a *scire facias* which recited the liability of the bail in terms precisely similar, could not be sustained. And that a *sci. fa.* unaided by a declaration, subserved the two-fold purpose of a writ and declaration, and should contain the requisites of

[*] 3 Stew't & Porter, 220.

4P                    55

both.—That the plaintiff in a *sci. fa.* might aid a defective writ, by declaring, if he thought proper; but that he could not recover, unless the record disclosed a good cause of action.

The English practice is to state the bail bond, and set out the judgment against the principal, *pr out patet per recordum.** This strictness was held not to be necessary, in the case just cited,—and it was there considered sufficient, if the *sci. fa.* disclosed a cause of action, with the certainty essential to a declaration.

*2Dunlaps Pr. 1081.

In as much as the record does not sufficiently disclose a legal liability against the plaintiff, the judgment is reversed, and the cause remanded, if it is desired.

GOLDTHWAITE, J. not sitting.